SPENSER (HASTINGS v.). See Case No. 6,-201.

SPENSER (STEWART v.). See Case No. 13,-437.

## Case No. 13,235.

### SPERRING et al. v. TAYLOR et al.

[2 McLean, 362.] [1]

Circuit Court, D. Indiana. May Term, 1841.

PLEADING AT LAW— DECLARATION — BREACH OF CONDITION.

1. In a declaration on a marshal's bond, it is not necessary to aver that the penalty has not been paid.

[Cited in Wetmore v. Rice, Case No. 17,-468.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. The usual averment of the breach of the condition is sufficient.

[This was an action on a bond by Sperring and Laforgur against Taylor and others.]

Mr. Morrison, for plaintiffs.
Smith & Bright, for defendants.

McLEAN, Circuit Justice. The pleadings in this action are similar to those in the preceding case, and this suit is founded on the marshal's bond as in that one. It is unnecessary to review the points already considered and decided, but there is one new point raised in this case which will be examined.

It is objected to the declaration that it contains no averment that the penalty of the bond has not been paid. Was this averment necessary? This bond is taken in a large penalty to secure those who shall be injured through the default or negligence of the marshal. No one is entitled to recover on this bond more than an indemnity for the injury sustained. And every individual who suffers from the failure of duty by the marshal, has an equal right to sue on this bond. No one is entitled to recover the penalty, unless he shall show that he has suffered damages to that amount. It is true that the sureties on the bond cannot be compelled to pay more than the penalty. But they cannot discharge themselves by paying the amount of the penalty to any one, who shall recover on the bond a sum less than the penalty. So soon as the sureties shall pay to those who shall be entitled to it, a sum equal to the penalty in their bond, they may set up the fact as matter of defence, or it may, perhaps, be examined on motion that they be discharged. But it is not necessary, in bringing suit on a bond like this, to aver in the declaration the nonpayment of the penalty. An averment of the breach of the condition is sufficient. This principle was recognized in the case of State v. M'Clane, 2 Blackf. (Ind.) 192.